Edward G. Baker, J.
On this motion for leave to serve a proposed notice of claim upon the Housing Authority of the City of New York pursuant to subdivision 5 of section 50-e of the General Municipal Law the claimant, the mother and administratrix of the estate of Roger Martin, deceased, asserts that on August 1, 1957 the said Roger Martin, then an infant 12 years of age, while playing in the playground of a housing project owned by the Housing Authority, was caused to fall to the ground and cut his left hand on a piece of glass; that, since the injury appeared to be slight, no claim was then made, but on November 5, 1957, claimant learned for the first time that the infant’s ulnar nerve had been severed at the time of the fall and that immediate surgery was necessary; that on November 11, 1957 during surgery the infant died.
The proposed notice of claim asserts a claim for personal injuries sustained by the infant and another claim for his wrongful death. The Housing Authority does not oppose the application for leave to file a notice of claim with respect to the alleged wrongful death but opposes the application so far as it relates to the claim for personal injuries.
Under subdivision 5 of section 50-e, the discretionary power of the court to grant leave to serve a notice of claim after the *650 expiration of the time provided in subdivision 1 of the statute is limited. It may exercise its discretion only with respect to a clamant who is an infant or who is mentally or physically incapacitated and by reason of such disability fails to serve the notice within the specified time; or with respect to the representative of a person who dies within the time limited to make a claim. The claimant here is not the infant but the personal representative of the infant. There is nothing in the statute which empowers the court to permit the late filing insofar as the claim relates to the personal injuries allegedly sustained by the infant. A personal representative of an infant may be given leave to file a late notice in the event of the infant’s death within the statutory period. Here, however, the infant’s right terminated at the expiration of 90 days after the date of the accident and, since that right had not been extended, nothing remained to accrue to the personal representative.
The statute is clear and positive. Any other interpretation would extend the statute beyond the bounds of the plain legislative intent.
Accordingly the motion is granted to the extent consented to by the Housing Authority of the City of New York and is otherwise denied.
Submit order.